[No. 34108.   Department Two.   September 5, 1957.]

HAROLD O. CARLSON, *Respondent*, v. THE FARMERS' MUTUAL INSURANCE COMPANY OF ENUMCLAW, *Appellant*.[1]

*Martin, Shorts & Bever,* for appellant.

*Carnahan, Gordon & Goodwin,* for respondent.

FOSTER, J.—The issue here is whether a fire insurance policy for a five-year term covered only the hay in a farmer's barn when the policy was issued, or that which was in the same barn at the time of the fire three years thereafter. The case was decided on admitted facts, and total destruction by fire is admitted.

The policy contains two columns of inventory. The one in question, so far as material, is reproduced:

[1]Reported in 314 P. (2d) 920.

"Barn (Class 85¢)
   While Used Exclusively as Such

. . .

37 Ton Alfalfa @ $37................$ 1370 full value
92 Ton Local @ $30..................$ 2760 full value
   (While in above barn)"

The entire column is a printed form except for the type-written words "37 Ton Alfalfa @ $37 $1370 full value" and "92 Ton Local @ $30 $2760 full value."

At the time of the fire, three years after the policy's execution, the respondent had in his barn 75 tons of alfalfa and 21 tons of local hay. The alfalfa was then of the value of $40 per ton, and the local hay $30 per ton. The appellant insurance company contends that its liability is limited to 37 tons of alfalfa at $40 per ton and 21 tons of local hay at $30 per ton, a total of $2,000, for which amount it admits liability.

The court entered judgment for $3,630, the admitted value of all hay destroyed, which is within the dollar limit, $4,130, on the hay insured. The premium rate is the same for both alfalfa hay and local hay. The loss being within the dollar limits of the policy, the appellant is not prejudiced, because the premium charged is the same for both species.

Respondent is a farmer. The policy issued in 1952 ran for a term of five years. Hay is a consumable commodity, and the kind and quantity varies from time to time as it is consumed or replaced. It is perfectly obvious that respondent would not have 37 tons of alfalfa hay and 92 tons of local hay constantly in his barn for the full five-year term.

■ We have been cited to no case specifically in point, but we think the true rule controlling in this instance is stated in 3 Richards on Insurance (5th ed.) 1623, 1628, § 506:

"Other commonly used phrases describing insured property are Merchandise and Stock in Trade, Trade Fixtures, Tools and Instruments, and Household Goods and Furniture. A policy upon merchandise in a store applies to the stock successively in the store from time to time. It would be incredible to suppose that the parties to the policy in-

tended that the merchant, on protecting himself with insurance, must discontinue his regular business of buying and selling goods in order to reap the benefit of his insurance on his business stock. Therefore, it is wholly immaterial whether the merchandise, on hand at the time of the loss, be acquired before or after the issuance of the policy. Such merchandise, whenever acquired, will be covered to the amount of the policy simply by virtue of a general description, without the aid of any special endorsement."

■ If the description of the property covered is doubtful, the controlling principle of law is stated in 3 Richards on Insurance 1623, § 506:

"The description of the property is written into the printed form, usually in brief and general terms. Hence, if the language of the description leaves it doubtful what goods or buildings or other property the policy was intended to cover, the courts construe the ambiguity liberally in favor of the insured, with a purpose to give a full indemnity for all that might reasonably be considered included in the description."

■ It was apparent at the time of the issuance of the policy that the quantity and quality of hay would vary from time to time over the five-year period, and that the insured believed the hay in his barn was insured up to $4,130. The insurance company was willing to accept that risk and charged the same premium for either variety.

The judgment is affirmed.

Hill, C. J., Schwellenbach, Donworth, and Rosellini, JJ., concur.